**Affirmed and Memorandum Opinion filed November 21, 2025.**



In The

# Fifteenth Court of Appeals

## NO. 15-24-00083-CV

**ASI LLOYDS INSURANCE COMPANY, Appellant**

**V.**

**TEXAS WINDSTORM INSURANCE ASSOCIATION AND THE
HONORABLE CASSIE BROWN IN HER OFFICIAL CAPACITY AS
COMMISSIONER, TEXAS DEPARTMENT OF INSURANCE, Appellees**

**On Appeal from the 126th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-23-004301**

## MEMORANDUM OPINION

This is an appeal for judicial review of an order of the Texas Department of Insurance (TDI), which confirmed the assessment of excess-loss payments that ASI Lloyds Insurance Company (ASI) must pay the Texas Windstorm Insurance Association (TWIA). ASI seeks a declaration that TDI's rule directing TWIA to compute its members' percentage of participation in the year in which the assessment is made, rather than the year of a catastrophe, is invalid because

legislative changes to Chapter 2210 of the Insurance Code after the Rule was adopted are inconsistent with the Rule. 28 Tex. Admin. Code § 5.4162(b) (the Rule). The trial court affirmed TDI's order. Because we conclude that the Legislature's changes to Chapter 2210 of the Insurance Code after the Rule's adoption do not render the Rule invalid, we affirm.

## BACKGROUND

### A. Funding TWIA for Excess Losses

TWIA is a quasi-governmental body created by the Legislature to serve as an "insurer of last resort" providing windstorm and hail insurance to property owners for counties along the Texas coast, where policyholders cannot obtain coverage in the regular market due to risk of catastrophic hurricanes. Tex. Ins. Code § 2210.001; *see also Tex. Windstorm Ass'n v. Pruski*, 689 S.W.3d 887, 889–90 (Tex. 2024) (explaining background of TWIA). TWIA membership is required for all insurers authorized to engage in the business of property insurance in Texas. *Id.* § 2210.051.

If TWIA incurs losses in excess of premiums and other revenue, then member insurers, like ASI, are required to participate in those excess losses through a funding scheme set forth in the Insurance Code. *Id.* §§ 2210.052, 2210.071–.075, 2210.601–.620. As relevant here, after TWIA exhausts Class 1 Public Securities under Section 2210.072, it will make a Class 1 Assessment to its members under Section 2210.0725. In a Class 1 Assessment, "[t]he proportion of the losses allocable to each insurer under this section shall be determined in the manner used to determine each insurer's participation in [TWIA] for the year under Section 2210.052." *Id.* § 2210.0725(b).

A member's percentage of participation in the Texas insurance market is based on the net direct premiums it collected in the preceding calendar year in

2

proportion to the net direct premiums collected by all other Texas insurers in that year, after allowing for certain credits. Tex. Ins. Code § 2210.052 (a)–(b). "Each member's participation in [TWIA] shall be determined annually in the manner provided by the plan of operation." *Id.* § 2210.052(c); *see* 28 Tex. Admin. Code, ch. 5, Subch. E., §§ 5.4001–*et. seq.* (TWIA plan of operation).

Under the Rule, TWIA calculates a member's percentage of participation based on the year in which TWIA makes the assessment, not based on the year in which the catastrophe occurred. 28 Tex. Admin. Code § 5.4162(b).

B.    **Procedural History**

Hurricane Harvey devastated the Texas coast in 2017. Because the damage resulted in excess losses, TWIA made three Class 1 assessments on its members between 2018 and 2020. ASI challenges the third assessment. The crux of ASI's complaint is that TWIA should have used its percentage of participation from 2017, the year Hurricane Harvey inflicted insured losses, rather than 2020,[1] the year in which the third assessment was made. ASI contends that had TWIA used 2017 as its calculation year, rather than the year of the assessment, the assessment would have been $438,300 less.

ASI and other insurers appealed the third assessment to TDI. Tex. Ins. Code § 2210.551. The State Office of Administrative Hearings (SOAH) issued a Proposal for Decision upholding TWIA's calculations based on the year of the assessment rather than the year of the catastrophe. SOAH found that the Rule was a valid exercise of TDI's authority and a valid regulation under TWIA's plan of operation. TDI adopted SOAH's Proposal for Decision, with minor changes, and entered a final order. ASI then sued TWIA and TDI's Commissioner, seeking judicial review of

---

[1]The third assessment used ASI's 2019 percentage of participation, but the notice stated the assessment would ultimately be adjusted based on ASI's 2020 percentage of participation.

TWIA's assessment and declaratory relief invalidating the Rule.  *See* Tex. Gov't Code §§ 2001.171, .038.  The trial court denied the Commissioner's and TWIA's pleas to the jurisdiction and rendered final judgment affirming the Commissioner's final order and denying ASI's petition for declaratory judgment.  ASI appealed.

## ANALYSIS

ASI's sole challenge to the Commissioner's order is that the Legislature's changes to Chapter 2210 of the Insurance Code after the Rule's adoption renders the Rule invalid.  A challenge to an administrative rule's validity is a pure question of law, which we review de novo.  *Tex. Bd. of Chiropractic Exam'rs v. Tex. Med. Ass'n*, 616 S.W.3d 558, 568 (Tex. 2021).  The party challenging the rule must "overcome the presumption that the rule is valid" by showing that it "contravenes specific statutory language," "runs counter to the general objectives of the statute," or "imposes additional burdens, conditions, or restrictions in excess of or inconsistent with relevant statutory provisions."  *Id.* at 570 & n.88; *see also Pub. Util. Comm'n. of Tex. v. Luminant Energy Co. LLC*, 691 S.W.3d 448, 460 (Tex. 2024) (applying same test).   When a party claims that an agency's rule exceeds the scope of the statute, "the judiciary's role is purely textual."  *Luminant Energy*, 691 S.W.3d at 464.  Thus, there are guardrails on our review, which is limited to deciding whether the Rule ASI challenges fails this test when compared to the statutory scheme at issue.

Chapter 2210 of the Insurance Code provides a detailed statutory scheme that allows TDI to adopt rules ensuring adequate coverage through TWIA for catastrophic losses.  In this statutory scheme, the Legislature gave authority to the Commissioner to adopt, by rule, a plan of operation for TWIA.  Tex. Ins. Code § 2210.151.  The plan of operation must include "a plan for the equitable assessment of the members of [TWIA] to defray losses and expenses."  Tex. Ins. Code §

4

2210.152(a)(2)(A). TWIA's statutory funding structure has layers, providing a sequence of sources for funding to pay excess losses. First, TWIA is to tap into a certain class of public securities, and, after those are exhausted, it can make member assessments up to a certain amount. *See id.* §§ 2210.072, .0725. This pattern continues from there, with funding alternating between securities and member assessments. *See id.* §§ 2210.073, .074, .0741, .0742. The losses from Hurricane Harvey were so severe that TWIA instituted a third member assessment, which is the subject of the underlying suit. TWIA made this assessment based on ASI's percentage of participation from the year the assessment was made, 2020.

TWIA used 2020, the year the assessment was made, based on the language of the Rule. As enacted in 2011 and at the time of the assessments, the relevant portion of the Rule stated:

> This determination [of the percentage of participation] shall be computed on a calendar year basis for the year in which the assessment is made. This determination shall not be based on the year in which the catastrophic event occurred, except for an assessment made during that year.

36 Tex. Reg. 786, 804 (2011) (current version at 28 Tex. Admin. Code § 5.4162(b) (2021)).[2] ASI contends the Rule is invalid and that the assessment should have been made instead based on the ASI's percentage of participation in 2017, the year of the Hurricane Harvey catastrophe.

In advancing this position, ASI makes two primary arguments for why the Rule is invalid. First, ASI contends that the statutes cited in TDI's justification for the Rule have either been repealed or substantially altered, making the Rule invalid. Second, ASI contends that new legislation since the Rule's enactment is inconsistent

---

[2] In 2021, TDI made non-substantive changes to the Rule. 46 Tex. Reg. 162, 166 (2021).

with the Rule, rendering it invalid. We will discuss each of these arguments in turn.

ASI first contends that because the statutes cited as justification for the Rule when it was proposed have either been repealed or modified, the Rule is invalid. Specifically, ASI argues that Sections 2210.613 and 2210.6135 were the primary statutes listed to justify promulgation of the Rule. At the time of the Rule's adoption, neither of those statutes, however, had anything to do with whether an assessment should be based on a member's percentage of participation for the calendar year of the assessment as opposed to the year of the catastrophe. Rather, as ASI notes, Section 2210.613 discussed payment of Class 2 public securities by TWIA with 30 percent of the cost paid through member assessments. Act of June 1, 2009, 81st Leg., R.S., ch. 1408, § 41, 2009 Tex. Gen. Laws 4396, 4412–13. And Section 2210.6135 discussed payment of Class 3 public securities by TWIA. *Id.* Again, neither section discussed how assessments to members were to be calculated, including the year used to calculate an insurer's percentage of participation.

In 2015, the Legislature repealed Section 2210.6135 and amended Section 2210.613. Act of May 25, 2015, 84th Leg., R.S., ch. 615, §§ 26, 31, 2015 Tex. Gen. Laws 2036, 2045, 2048. According to ASI, these actions by the Legislature removed statutory justification for the Rule, rendering it invalid. We disagree.

ASI's argument ignores the fact that TDI also cited other statutes as justification or authority for the Rule when promulgated. *See* 36 Tex. Reg. 786, 787 803 (2011). For example, TDI referenced Section 2210.052 as statutory authority for the Rule. *Id.* at 803. Although that section does not specify what year TWIA should use in determining an insurer's percentage of participation, it vests TDI with the authority to specify and decide how to calculate each insurer's percentage of participation.

Each member of [TWIA] shall participate in insured losses and

operating expenses of [TWIA], in excess of premium and other revenue of [TWIA], in the proportion that the net direct premiums of that member during the preceding calendar year bears to the aggregate net direct premiums by all members of [TWIA], as determined using the information provided under Subsection (b).

Tex. Ins. Code § 2210.052(a). In 2015, after the Rule was in place, the Legislature added the Class 1 Assessment to its funding scheme under Section 2210.0725, which provides that "[t]he proportion of the losses allocable to each insurer . . . shall be determined in the manner used to determine each insurer's participation in [TWIA] for the year under Section 2210.052." *Id.* § 2210.0725(b). As provided in Section 2210.052(c), "each member's participation in [TWIA] shall be determined annually in the manner *provided by the plan of operation.*" *Id.* § 2210.052(c) (emphasis added). The Rule is indisputably part of TDI's plan of operation for TWIA. 28 Tex. Admin. Code § 5.4160(j).

No statute provides what calendar year should be used to determine an insurer's percentage of participation for an assessment by TWIA. Given Section 2210.052(c)'s reference to TDI's plan of operation and Section 2210.0725's—which the Legislature passed after TDI's adoption of the Rule—incorporation of Section 2210.052, it is difficult to see how the Rule is inconsistent with the statutory scheme. And ASI has cited no Texas cases suggesting that the repeal or amendment of only some of the statutes originally cited as justification for the promulgation of the Rule render it invalid. We conclude that the Legislature's repeal or amendment of two statutes that do not address what year should be used to determine an insurer's percentage of participation for purposes of assessments does not render the Rule invalid.

ASI next contends that the Legislature's passage of House Bill 3 in 2011 created a conflict with the Rule and demonstrated that it was invalid. Act of June

28, 2011, 82nd Leg., 1st C.S., ch. 2, § 4, 2011 Tex. Gen. Laws 5180, 5180 (codified at Tex. Ins. Code § 2210.003(3-b)). Specifically, ASI argues that by defining the term "catastrophe year," the Legislature signaled its disapproval of the Rule and rendered it invalid. In House Bill 3, the Legislature defined "catastrophe year" to mean "a calendar year in which an occurrence or a series of occurrences results in insured losses, regardless of when the insured losses are ultimately paid." Tex. Ins. Code § 2210.003(3-b). The Legislature also amended Section 2210.071 to be titled "Payment of Excess Losses," and to read "[i]f, in a catastrophe year . . . , an occurrence or series of occurrences in a catastrophe area results in insured losses and operating expenses of the association in excess of premium and other revenue of the association, the excess losses and operating expenses shall be paid as provided by this subchapter." *Id.* § 2210.071(a). ASI contends that these two provisions require that an insurer's percentage of participation be calculated in the year when the catastrophe occurs, contrary to the Rule. We disagree because these provisions bear no apparent relation to which year is used to calculate an insurer's proportion of an assessment.

The definition of "catastrophe year" merely explains that a catastrophe year is the year in which the losses from a catastrophe occur. Nowhere in the definition of that term does the Legislature require how TWIA must determine a member's share of an assessment relating to that catastrophe. In fact, the definition indicates a catastrophe year occurs "regardless of when the insured losses are ultimately paid." *Id.* § 2210.003(3-b). When a loss is incurred—a catastrophe year—does not necessarily have an impact on the Rule relating to the year in which member participation in assessments is based. Further, Section 2210.071 is not inconsistent with the Rule in any respect. ASI places emphasis on the fact that the statute indicates "this subchapter" determines how excess losses shall be paid, arguing that

8

Section 2210.052 is not part of the same subchapter as Section 2210.071. This argument ignores the fact that Section 2210.0725, discussed above, *is* a part of that subchapter, and it incorporates Section 2210.052 fully. As such, the statutes remain consistent and do not in any manner demonstrate inconsistency with the Rule.

In short, the Legislature's provision for the definition of a year when losses must be aggregated does not have any comprehensible effect on a Rule that establishes an assessment year to determine a member's proportion of liability for excess losses occurring during a catastrophe year. The two concepts are not in conflict.

The Legislature provided TDI discretion to determine how to compute an insurer's percentage of participation to determine payment for TWIA's excess losses. "Each member's participation in [TWIA] shall be determined annually in the manner provided by the plan of operation." Tex. Ins. Code § 2210.052(c). It is undisputed that the Rule is part of the plan of operation for TWIA, and ASI has presented no basis for why setting the percentage of participation in the year of the assessment, rather than in the catastrophe year, undermines or is contrary to that discretion.

## CONCLUSION

ASI's challenge to the Rule's validity was the only basis for its appeal of the Commissioner's order, and we have rejected that challenge.[3] Accordingly, we affirm the Commissioner's order.

---

[3] Because of our disposition of ASI's appellate issues, we do not address TDI's and TWIA's cross-points. *See* Tex. R. App. P. 47.1.

9

/s/Scott K. Field
Scott K. Field
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.